Roy Romer State Treasurer 104 State Capitol Denver, CO 80203
Dear Mr. Romer:
I am writing in response to your letter of December 3, 1980 which requests a legal opinion concerning the authority of the treasurer to make certain types of investments with moneys on deposit in the Subsequent Injury Fund, the State Compensation Insurance Fund, the Medical Disaster Fund and the Major Medical Fund (hereinafter collectively referred to as the "compensation funds").
Attached to your letter is an exhibit (exhibit A) which describes proposed investments for moneys in the compensation funds. You ask whether the treasurer is statutorily authorized to make certain of those investments.
QUESTION PRESENTED AND CONCLUSION
You specifically ask whether the investments proposed in paragraphs 3, 6 and 11 of exhibit A may be made with moneys on deposit in the compensation funds.
 It is my opinion that the treasurer may not properly invest moneys on deposit in the compensation funds in the investments described in paragraph 11. The investments described in paragraphs 3 and 6 may be permissible under the circumstances set out below.
ANALYSIS
H.B. 1303, adopted by the Colorado General Assembly and effective July 1, 1979, authorized the state treasurer to invest moneys, including surplus and reserves, which were on deposit in the compensation funds. As you note in your letter, H.B. 1303 was the subject of a letter dated June 22, 1979 to Dick R. Murphy, director of Treasury Operations, from Richard H. Forman, assistant attorney general.
H.B. 1303 repealed the statutes which previously specified what investments could be made with moneys in the compensation funds and reenacted those statutes in a form which authorizes the treasurer to invest those funds but is silent as to what types of investment may be made. See C.R.S. 1973, 8-51-111, 8-54-122, 8-65-108 and 8-66-110 (Supp. 1979). The treasurer is authorized to invest moneys on deposit in the compensation funds in those investments which he is otherwise authorized to make with state moneys. Officials with public funds in their control are not authorized to depart from the literal statutory requirements as to investment of those funds. 104 A.L.R. 623, 628.
The general authority of the treasurer to invest state moneys is found in C.R.S. 1973, 24-36-109, 112, and 113. Permissible investments also include those authorized by part 6 of article 75, title 24, C.R.S. 1973 concerning legal investments for governmental units.
The proposed investments which you wish me to consider are set out in exhibit A as follows:
 3. Notes and loans secured by first mortgages or first deeds of trust on real property situated in Colorado and guaranteed by government or private insurance. No more than 40% of the aggregate fund investments will be held in this type security. Because of the illiquid nature of these securities, the Fund will only purchase such securities to hold to maturity.
. . .
 6. Nonconvertible corporate notes and bonds and equipment trust certificates of United States domestic corporations rated AA or Aa by at least two recognized security rating services. In the event a rating of a security held by the Fund is reduced below the above requirement, the Fund will sell the security within 60 days of the rating change. No more than 70% of the aggregate fund investments will be held in this type security. No more than the lesser of $10 million or 10% of any one issuer's long term debt will be held by the Fund.
. . .
 11. Investments in real property situated in Colorado to be used by the Fund for administrative purposes.
(Emphasis supplied.)
With respect to the investments in Colorado real property, proposed in paragraph 11 of exhibit A, I have not found any authority for the treasurer to make such investments with moneys in the compensation funds.
The proposed investments in notes and loans secured by mortgages on real property, described in paragraph 3 of exhibit A, may be authorized by C.R.S. 1973, 24-75-601(1)(b) or (1)(f) if they are unconditionally guaranteed as to payment of principal and interest by the United States, or insured by the National Housing Act. Your letter does not state whether this is the case.
Additional authority to invest in notes and loans secured by mortgages on real property, as described in paragraph 3 of exhibit A, may exist in C.R.S. 1973, 24-36-113(1) and (3), which provide as follows, in pertinent part:
 (1) Whenever there are moneys in the state treasury which are not immediately required to be disbursed, the state treasurer is authorized to invest the same in short-term interest-bearing securities which shall be readily convertible into cash. In making such investments he shall use prudence and care to preserve the principal and to secure the maximum rate of interest consistent with safety and liquidity.
 (3) The state treasurer may in his discretion invest such moneys in repurchase agreements, acceptances of banks that are issued in the regular course of business, and in commercial paper of prime quality, as so classed by a nationally recognized organization which rates such paper, but any investment in commercial paper shall be limited to that issued by corporations organized and operating within the United States having net worth in excess of two hundred million dollars, which paper matures within one hundred eighty days from the date of purchase. No investment in the commercial paper issued by any single corporation shall exceed five percent of the amount of such paper then issued by and outstanding against said corporation, nor shall the aggregate amount of money invested in all commercial paper at any time exceed twenty-five percent of the amount of money then invested in, or available for investment in, short-term securities.
(Emphasis supplied.)
The investments described in paragraph 3 of exhibit A do not meet the requirements quoted above. They are not sufficiently liquid to satisfy subsection (1). Furthermore, those proposed investments would exceed five percent of the paper issued by the corporation, contrary to the requirements of subsection (3) above.
The proposed investment in nonconvertible corporate notes and bonds and equipment trust certificates, described in paragraph 6 of exhibit A, may be authorized by subsection (1) of C.R.S. 1973,24-36-113(1), quoted above, if those investments are limited to "short-term" securities. That statutory term is not further defined and should be applied according to commonly accepted standards in the securities industry.
Subsection (3) of C.R.S. 1973, 24-36-113 permits the treasurer to hold commercial paper which matures within one hundred eighty days. Certainly that period could be considered "short-term." If such investments are readily convertible into cash they may be authorized by subsection (1). The description of proposed investments in paragraph 6 of exhibit A is not sufficiently detailed for me to determine if they are authorized by subsection (3) of C.R.S. 1973, 24-36-113.
SUMMARY
It is therefore my opinion that the treasurer is not authorized at present to invest compensation fund moneys in Colorado real property. The treasurer may be authorized to invest those moneys in corporate notes and bonds and equipment trust certificates, if they are limited to "short-term" securities which securities mature within one hundred eighty days from the date of purchase. Investment of those funds in notes and loans secured by mortgages on real property may be permissible if they are insured by the United States government.
Additional authority for the treasurer to make the proposed investments can be obtained by legislative change. If you have additional questions concerning this matter, please do not hesitate to contact this office.
Very truly yours,
 J.D. MacFARLANE Attorney General
TREASURER, STATE PUBLIC FUNDS
C.R.S. 1973, 24-75-601(1)(b) and (f) C.R.S. 1973, 24-36-113(1) and (3)
TREASURY, DEPT. OF All Other Areas
The treasurer is not authorized at present to invest compensation fund monies in Colorado real property. The treasurer may be authorized to invest those moneys in corporate notes and bonds and equipment trust certificates, if they are limited to "short-term" securities which securities mature within one hundred eighty days from the date of purchase. Investment of those funds in notes and loans secured by mortgages on real property may be permissible if they are insured by the United States government. Additional authority for the treasurer to make the proposed investments can be obtained by legislative change.